UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEMOINE, FRITZ F.,　　　　　　　　　　CASE NO.:

　　　　　Plaintiff,
vs.

MILLENNIUM CORPORATE,

　　　　　Defendant.
_____

## COMPLAINT

**COMES NOW**, Plaintiff, FRITZ F. LEMOINE by and through his undersigned attorney and hereby sues the Defendant, MILLENNIUM CORPORATE, for damages and alleges the following:

### JURISDICTIONAL STATEMENT

1. This is an action for damages in excess of $15,000.00.

2. This action is brought for discrimination in employment pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

3. All conditions precedent to maintaining this action have occurred or are in the process of occurring.

### IDENTIFICATION OF THE PARTIES

4. The Plaintiff, FRITZ F. LEMOINE, is a resident of Naples, Collier County, Florida, is over the age of eighteen, and is otherwise sui juris.

5. The Defendant, MILLENNIUM CORPORATE, is a foreign profit corporation authorized to do, and at all relevant times was doing business in Collier

1

County and Lee County, Florida, and maintains its agents, apparent agents, employees, servants, borrowed servants, and representatives for the transaction of its customary business within the State of Florida.

### FACTS COMMON TO ALL COUNTS

6. All pertinent events occurred in Lee County and Collier County, Florida.

7. All pertinent events occurred approximately between 2013 and 2019.

8. The Plaintiff, FRITZ F. LEMOINE, asserts that after six (6) years of exemplary employment with the Defendant, MILLENNIUM CORPORATE, he was terminated without cause.

9. On or about May 2013, the Plaintiff, FRITZ F. LEMOINE, began working as a primary care physician for the Defendant, MILLENNIUM CORPORATE, in the Fort Myers/Naples area.

10. On or about August 2014, the Plaintiff, FRITZ F. LEMOINE, began to suffer an illness which required him to undergo two neck surgeries over the course of four (4) years.

11. On or about April 2018, the Plaintiff, FRITZ F. LEMOINE, missed approximately one (1) month of work due to his second neck surgery.

12. As a result of the neck surgeries, the Plaintiff, FRITZ F. LEMOINE, became impaired, which substantially limited his ability to fully perform his work duties without the ameliorating effects of mitigating measures such as reasonable accommodations. The Plaintiff, FRITZ F. LEMOINE, suffers from severe chronic neck pain, severe peripheral neuropathy down the arm and into the hands and fingers, a damaged right vocal chord, narcolepsy, idiopathic hypersomnia, obstructive sleep apnea, and depression caused by the above physical ailments.

13. On or about July 2018, the Plaintiff, FRITZ F. LEMOINE, returned to work full time and requested the Defendant, MILLENNIUM CORPORATE, provide proper work accommodations for his disability resulting from surgery.

14. The Defendant, MILLENNIUM CORPORATE, provided some accommodations, but harassed the Plaintiff, FRITZ F. LEMOINE, when he attempted to use the accommodations.

15. On or about January 2019, the Plaintiff, FRITZ F. LEMOINE, attempted to exercise the concierge clause in his contract to reduce his workload.

16. The Defendant, MILLENNIUM CORPORATE, refused to honor the Plaintiff's, FRITZ F. LEMOINE'S, contract and attempted to coerce him to terminate his own contract.

17. On or about September 25, 2019, the Plaintiff, FRITZ F. LEMOINE, announced to The Defendant, MILLENNIUM CORPORATE, that he would apply for long term partial disability, a benefit offered to all employees.

18. On or about October 2, 2019, the Defendant, MILLENNIUM CORPORATE, terminated the Plaintiff's, FRITZ F. LEMOINE'S, employment after being notified of his intention to apply for long term partial disability.

19. The Defendant, MILLENNIUM CORPORATE, took further action to hinder the Plaintiff's, FRITZ F. LEMOINE'S, ability to work by withholding his patient list after the Plaintiff's, FRITZ F. LEMOINE'S, termination.

20. Before, and after, the Plaintiff's, FRITZ F. LEMOINE'S, termination, the Defendant, MILLENNIUM CORPORATE, contacted the Plaintiff's, FRITZ F. LEMOINE'S, patients, harassing them to find another doctor.

21. The Plaintiff's, FRITZ F. LEMOINE'S, disability, and/or record of a disability, and/or perceived disability was the factor that made a difference

in Millennium's decision to harass and then terminate Dr. Lemoine's employment.

## COUNT I

### **FAILURE TO ACCOMMODATE DISABILITY**

22. Plaintiff, FRITZ F. LEMOINE, realleges and incorporates herein by reference, all the allegations set forth in paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff, FRITZ F. LEMOINE, is entitled to relief against Defendant, MILLENNIUM CORPORATE, based upon the aforementioned facts.

24. Defendant, MILLENNIUM CORPORATE, had a duty to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual, the Plaintiff, FRITZ F. LEMOINE, with a disability who is an employee.

25. At the said time and place, Defendant, MILLENNIUM CORPORATE, breached its duty to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual, the Plaintiff, FRITZ F. LEMOINE, with a disability who is an employee.

26. At the said time and place, Defendant, MILLENNIUM CORPORATE, disallowed the Plaintiff, FRITZ F. LEMOINE, intermittent breaks to rest during the workday when symptoms of the Plaintiff's, FRITZ F. LEMOINE'S, disability may be acute. The Defendant, MILLENNIUM CORPORATE, by disallowing the Plaintiff, FRITZ F. LEMOINE, a reasonable accommodation for his disability, the Defendant, MILLENNIUM CORPORATE, directly caused harm to the Plaintiff, FRITZ F. LEMOINE.

27. At the said time and place, Defendant, MILLENNIUM CORPORATE, disallowed the Plaintiff, FRITZ F. LEMOINE, to reduce his workload by exercising the concierge clause in his contract. The Plaintiff's, FRITZ F. LEMOINE'S, disability prevented him from being able to work as many consecutive hours as before the two (2) neck surgeries. The Defendant, MILLENNIUM CORPORATE, by disallowing the Plaintiff, FRITZ F. LEMOINE, a reasonable accommodation for his disability, the Defendant, MILLENNIUM CORPORATE, directly caused harm to the Plaintiff, FRITZ F. LEMOINE.

28. As a result, of Defendant, MILLENNIUM CORPORATE'S harm, Plaintiff, FRITZ F. LEMOINE, suffered pain, mental anguish, loss of capacity, loss of capacity for the enjoyment of life, loss of earnings, and loss of employment. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

## COUNT II

### UNLAWFUL TERMINATION OF EMPLOYMENT

29. Plaintiff, FRITZ F. LEMOINE, realleges and incorporates herein by reference, all the allegations set forth in paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff, FRITZ F. LEMOINE, is entitled to relief against Defendant, MILLENNIUM CORPORATE, based upon the aforementioned facts.

31. Defendant, MILLENNIUM CORPORATE, had a duty not to terminate an otherwise qualified individual, the Plaintiff, FRITZ F. LEMOINE, who is an employee, solely because of the Plaintiff's disability.

32. At the said time and place, Defendant, MILLENNIUM CORPORATE, breached its duty not to terminate an otherwise qualified individual, the Plaintiff, FRITZ F. LEMOINE, who is an employee, solely because of the Plaintiff's disability.

33. At the said time and place, Defendant, MILLENNIUM CORPORATE, terminated the employment of the Plaintiff, FRITZ F. LEMOINE, due to the Plaintiff requesting partial long-term disability. The Defendant, MILLENNIUM CORPORATE, directly caused harm to the Plaintiff, FRITZ F. LEMOINE, by terminating the Plaintiff's employment.

34. As a result, of Defendant, MILLENNIUM CORPORATE'S harm, Plaintiff, FRITZ F. LEMOINE, suffered pain, mental anguish, loss of capacity, loss of capacity for the enjoyment of life, loss of earnings, and loss of employment. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, FRITZ F. LEMOINE, respectfully demands judgment for damages against the Defendant, MILLENNIUM CORPORATE, in excess of $15,000.00, exclusive of interest and cost, court costs, trial by jury of all issues so triable, and any such other relief as this court deems just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's was served to all parties listed electronically in the Federal Court E-Filing Portal on this 23rd day of February 2021.

Respectfully submitted,

_____
Victor M. Arias, Esquire
Florida Bar No.: 0879096
**ARIAS LAW FIRM, P.A.**
Attorney for Plaintiff
3013 Del Prado Blvd.-Suite 6
Cape Coral, FL  33904
Telephone:  (239) 945-2121
Facsimile:   (239) 945-7177